IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM B. GABRIEL**                                                                                  **PLAINTIFF**

**V.**                                           **NO. 4:07CV000102JMM**

**WILLIAM N. SUMMERS, STEPHEN F. DANIELS,
JEFFREY L. COTHIER;
NORTH BLUFFS DEVELOPMENT CORPORATION,
AND DOES 1-100**                                                                                   **DEFENDANTS**

## ORDER

Pending is the motion of William N. Summers, Stephen F. Daniels, Jeffrey L. Clothier and the United States of America to substitute the Untied States for Tort Claims and Dismiss the Amended Complaint. (Docket # 51). Plaintiff has filed a response.

Plaintiff has alleged multiple causes of action against these defendants including libel, slander, conspiracy to commit libel and slander, civil rights violations, conspiracy to commit civil rights violations, larceny by trick and RICO violations. Plaintiff's complaint appears to allege that these defendants, each of whom is an employee of the Department of Veterans Affairs, either improperly diagnosed him with some sort of psychosis or delusional disorder, on multiple occasions, or improperly continued to enter such diagnosis into his VA medical record.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that

show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted.  *Parnes v. Gateway 2000, Inc.*, 122 F. 3d 539,546 (8th Cir. 1997).  A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6).  *Mattes v. ABC Plastics, Inc.* 323 F.3d 695, 698 (8th Cir. 2003)

In 1988, Congress amended the Federal Tort Claims Act ("FTCA") in order to undo the effect of the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). In *Westfall*, the Court held that a federal employee was immune from a state tort action only if the employee was acting within the scope of his employment and the conduct that caused harm was discretionary. The 1988 FTCA amendments, broaden this immunity, providing that an action against the United States is the only remedy for injuries caused by federal government employees acting within the scope of their employment, regardless of whether the conduct in question was discretionary. *Id.* § 2679(d)(1).  *Heuton v. Anderson*  75 F.3d 357, 359 (8th Cir. 1996).   "The immunity is triggered when the Attorney General or his designate (here, the U.S. Attorney) certifies that federal employees have been sued for conduct within the scope of their employment. 'Upon certification ... the United States shall be substituted as the party defendant.'" § 2679(d)(1).  *Brown v. Armstrong,*  949 F.2d 1007, 1010 (8th Cir. 1991).  The government has made such a certification here.  Accordingly, the United States is hereby substituted as the named defendant.

Plaintiff concedes that his causes of action for libel and slander are not "litigatable." However, he claims that his causes of action for libel "convert to wire fraud" and his causes of action for slander "convert to conspiracy to commit RICO and civil rights violations."  The FTCA specifically exempts suit for libel and slander.  28 U.S.C. §2680(h).  Plaintiff's tort claims must also be dismissed because Plaintiff failed to present an administrative claim with the appropriate federal agency.  28 U.S.C. §2675(a).

Accordingly, Plaintiff's claims for libel and slander and conspiracy to commit libel and slander are hereby dismissed.  Defendant's motion to substitute the United States for the tort claims and to dismiss the tort claims, docket # 51, is hereby granted.   The Court will address Plaintiff's remaining claims of civil rights violations, conspiracy to commit civil rights violations, larceny by trick, and RICO/Wire Fraud by separate order.

IT IS SO ORDERED this 11th  day of June, 2007.

*/s/ James M. Moody*
James M. Moody
United States District Judge