IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM B. GABRIEL                                                           PLAINTIFF

V.                                          NO. 4:07CV000102JMM

WILLIAM N. SUMMERS, STEPHEN F. DANIELS,
JEFFREY L. COTHIER;
NORTH BLUFFS DEVELOPMENT CORPORATION,
AND DOES 1-100                                                               DEFENDANTS

## ORDER

Pending is the motion of William N. Summers, Stephen F. Daniels, Jeffrey L. Clothier and the United States of America to dismiss non tort claims. (Docket # 53). Plaintiff has filed a response.

Plaintiff has alleged multiple causes of action against these defendants including libel, slander, conspiracy to commit libel and slander, civil rights violations, conspiracy to commit civil rights violations, larceny by trick and RICO violations.[1] Plaintiff's complaint appears to allege that these defendants, each of whom is an employee of the Department of Veterans Affairs, either improperly diagnosed him with some sort of psychosis or delusional disorder, on multiple occasions, or improperly continued to enter such diagnosis into his VA medical record.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). Thus the

---

[1] The Court entered an Order on June 11, 2007 substituting the United States as the named Defendant and dismissing Plaintiff's tort claims of libel, slander and conspiracy to commit libel and slander.

issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail.  *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted.   *Parnes v. Gateway 2000, Inc.*, 122 F. 3d 539,546 (8th Cir. 1997).  A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6).  *Mattes v. ABC Plastics, Inc.*  323 F.3d 695, 698 (8th Cir. 2003)

Plaintiff's remaining claims are for civil rights violations, conspiracy to commit civil rights violations, larceny by trick, and RICO/Wire fraud.  Plaintiff's civil rights violations are premised on Plaintiff's claim that he is a member of "a class of Citizen known to be a recovering alcoholic."  And that the Defendants violated his civil rights or conspired to violate his civil rights by either improperly diagnosing him with some sort of psychosis or delusional disorder, on multiple occasions, or improperly continuing to enter such diagnosis into his VA medical record.  Even assuming for purposes of this motion that Plaintiff was incorrectly diagnosed and such diagnosis was placed in his medical records, these allegations do not state a cause of action for civil rights violations.

Plaintiff's allegations of larceny by trick must also be dismissed.  Plaintiff asserts in his response to the pending motion that his claims for larceny by trick are "covered by Arkansas Theft by Deception law."  The statute on which Plaintiff relies is a criminal statute and Plaintiff has no standing to bring criminal charges against these defendants.

Finally Plaintiff's claims for RICO and Wire Fraud also fail.  Plaintiff alleges that the entries in his medical records kept him from working, denied him the right to the court and aided in the taking of his property.  A plaintiff who brings suit under 18 U.S.C. § 1962(c) must prove

that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) .   Mail fraud and wire fraud are within the predicate acts that may constitute "racketeering activity" under RICO.  *Blue Dane Simmental Corp. v. American Simmental Ass'n,* 178 F.3d 1035, 1041 -1042 (8th Cir. 1999)  Mail and wire fraud are established through proof of: "(1) a scheme to defraud; (2) intent to defraud; (3) reasonable foreseeability that the mails (or wires) would be used; and (4) use of the mails (or wires) in furtherance of the scheme." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 n. 6 (8th Cir.1995).

The Complaint and amended complaint fail to establish that the defendants engaged in a pattern of racketeering activity and that his alleged damages were proximately related to the alleged RICO violations.  Further, the two requirements for RICO standing are (1) an injury to "business or property" (2) caused "by reason of" a RICO violation.  *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 951 (8th Cir. 1999).   Plaintiff's allegations that he suffered injury based on damage to his reputation is generally considered personal injury and thus is not an injury to "business or property" within the meaning of 18 U.S.C. § 1964(c).  *Id*. at 954.

Wherefore, Defendants' motion to dismiss the non-tort claims, docket # 53,  is GRANTED.  Plaintiff's motions for summary judgment, docket #'s 60 and 76 are denied as moot.  The Clerk is directed to close the case.

IT IS SO ORDERED this 14th  day of June, 2007.

_____
James M. Moody
United States District Judge

3